PER CURIAM.
We have on appeal a decision of the trial court validating revenue bonds not to exceed $10 billion issued by the Florida Hurricane Catastrophe Fund Finance Corporation (the Corporation). We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
In the aftermath of Hurricane Andrew, the 1993 Legislature enacted section 215.555, Florida Statutes, which created the Florida Hurricane Catastrophe Fund (the Fund). The purpose of the Fund is to create and maintain additional insurance capacity for residential property insurers in the event of a catasti’ophic hurricane. § 215.555(1), Fla. Stat. (Supp.1996). The statute requires residential property insurers to enter into reimbursement contracts which obligate them to pay premiums to the Fund in exchange for a commitment that a portion of their hurricane-caused losses will be reimbursed from monies in the Fund,[1] §§ 215.555(4)-(5), Fla. Stat. (Supp.1996). Section 215.555(6)(a)(l), permits the Corporation to issue revenue bonds for the benefit of the Fund
[ujpon the occurrence of a hurricane and a determination that the moneys in the fund are or will be insufficient to pay reimbursement at the levels promised in the reimbursement contracts [or] ... in the absence of a hurricane upon a determination [by the State Board of Administration (SBA) ][2] that such action would maximize *686 the ability of the fund to meet its future obligations.
§ 215.555(6)(a)(1), Fla. Stat. (Supp.1996).
As originally enacted, the statute provided for revenue bonds to be issued only by local government units. § 215.666, Fla. Stat. (Supp.1994). By amendment in 1996, the legislature created the Corporation under section 215.555(6)(c), for the purpose of establishing a more “cost-effective and efficient [mechanism for] issuance of bonds.” Section 215.555(6)(e), states in pertinent part:
(6) REVENUE BONDS.—
[[Image here]]
(c) Florida Hurricane Catastrophe Fund Finance Corporation.—
1. In addition to the findings and declarations in subsection (1), the Legislature also finds and declares that:
a. The public benefits corporation created under this paragraph will- provide a mechanism necessary for the cost-effective and efficient issuance of bonds. This mechanism will eliminate unnecessary costs in the bond issuance process, thereby increasing the amounts available to pay reimbursement for losses to property sustained as a result of hurricane damage.
b. The purpose of such bonds is to fund reimbursements through the Florida Hurricane Catastrophe Fund to pay for the costs of construction, reconstruction, repair, restoration, and other costs associated with damage to properties of policyholders of covered policies due to the occurrence of a hurricane.
2.a. There is created a public benefits corporation to be known as the Florida Hurricane Catastrophe Fund Finance Corporation.
b. The corporation shall operate under a five-member board of directors consisting of the Governor or a designee, the Comptroller or a designee, the Treasurer or a designee, the director of the Division of Bond Finance of the State Board of Administration, and the chief operating officer at the Florida Hurricane Catastrophe Fund.
c. The corporation has all the powers of corporations under chapter 607 and under chapter 617.
d. The corporation may issue bonds and engage in such other financial transactions as are necessary to provide sufficient funds to achieve the purposes of this section.
e. The corporation may invest in any of the investments authorized under s. 215.47.
f. There shall be no liability on the part of, and no cause of action shall arise against, any board members or employees of the corporation for any actions taken by them in the performance of their duties under this paragraph.
3.a. In actions under chapter 75 to validate any bonds issued by the corporation, the notice required by s. 75.06 shall be published only in Leon County and in two newspapers of general circulation in the state, and the complaint and order of the court shall be served only on the State Attorney of the Second Judicial Circuit.
[[Image here]]
4. The bonds of the corporation are not a debt of the state or of any political subdivision, and neither the state nor any political subdivision is liable on such bonds. The corporation does not have the power to pledge the credit, the revenues, or the taxing power of the state or of any political subdivision. The credit, revenues, or taxing power of the state or of any political subdivision shall not be deemed to be pledged to the payment of any bonds of the corporation.
§ 215.555(6)(c), Fla. Stat. (Supp.1996).
On July 23, 1996, the SBA adopted a resolution in which it determined that the issuance of revenue bonds in the absence of a hurricane would maximize the ability of the Fund to meet its obligations under the statute. The Corporation, on the same day, adopted a resolution authorizing the validation, execution and issuance of “Hurricane Catastrophe Relief Revenue Bonds” (the bonds) not to exceed $10 billion. The Corporation filed a complaint for validation of the bonds and the circuit court entered an order to show cause why the bonds should not be validated. After proper notice and a hearing at which no taxpayer, citizen, or other person appeared or sought to be heard, the circuit *687 court issued a final judgment validating the bonds.
The State, pursuant to its statutory duty,[3] raised ten points in opposition,[4] but presented no evidence or argument and at the conclusion of the hearing conceded that it was aware of no legal cause why validation should not be granted. The trial court ruled in favor of the Corporation on all allegations in the complaint and found no irregularity or illegality based on the defenses raised in the State’s answer. The State appealed pursuant to the mandatory appeal provision in section 215.555(6)(a)2.[5]
The scope of our inquiry in bond validation proceedings is limited to: “1) determining if the public body has the authority to issue the bonds; 2) determining if the purpose of the obligation is legal; and 3) ensuring that the bond issuance complies with the requirements of law.” Lozier v. Collier County, 682 So.2d 551, 552 (Fla.1996). In this appeal, the State concedes: that there are no factual disputes; that the public purpose of the Bonds is resolved by legislative findings; that there is no real question as to the “obviously appropriate goal of protecting property owners and policyholders from the catastrophe of hurricane losses”; and that it has no further good faith argument to offer against the validation of the bonds.
Based on our review of the validation proceedings, we find no basis in the points raised by the State in its answer below or in this appeal for invalidating the bonds. We therefore conclude that the Florida Hurricane Catastrophe Fund Finance Corporation acted within its authority and complied with all requirements of the law in the issuance of the Hurricane Catastrophe Relief Revenue Bonds. Accordingly, we affirm the circuit court order validating the bonds.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

. In addition to premiums and emergency assessments paid by the residential property insurers with reimbursement contracts, the Fund also consists of the proceeds from revenue bonds and the earnings of the Fund.

. The Fund is administered by the SBA. § 215.555(1)(f), Fla. Stat. (Supp.1996).

. See generally ch. 75, § 215.555, Fla. Stat. (1995 & Supp.1996).

. Whether (1) section 215.555 authorizes the issuance of revenue bonds in the manner and form and for the proposed purposes; (2) the Corporation was properly created by section 215.555; (3) the Corporation lacks standing under section 75.02, to file a complaint for the validation of revenue bonds; (4) the creation of the Fund required a 3/5 vote of each house pursuant to article III, section 19 of the Florida Constitution; (5) the issuance of these bonds would constitute an unauthorized pledging of credit prohibited by article VII, section 10 of the Florida Constitution; (6) the use of the Bonds constitutes a fixed capital outlay as required by article VII, section 11(d); (7) the premiums and the emergency assessments constitute tax revenues which are pledged to the repayment of the Bonds; (8) the use of the Fund revenues to pay the principal and interest on the Bonds is permitted by article VII, section 11(a), Florida Constitution, without voter approval; (9) the Corporation resolution was properly adopted by the board of directors and sufficient in form and substance to authorize issuance of the Bonds; and (10) the SBA resolution was properly adopted by the SBA and sufficient in form and substance to authorize the pledge of Fund revenues to the Corporation for payment of the principal and interest on the Bonds.

.Section 215.555(6)(a)(2) states:
The Legislature finds and declares that the issuance of bonds under this subsection is for the public purpose of paying the proceeds of the bonds to insurers, thereby enabling insurers to pay the claims of policyholders to assure that policyholders are able to pay the cost of construction, reconstruction, repair, restoration, and other costs associated with damage to property of policyholders of covered policies after the occurrence of a hurricane. Revenue bonds may not be issued under this subsection until validated under chapter 75. The validation of at least the first obligations incurred pursuant to this subsection shall be appealed to the Supreme Court, to be handled on an expedited basis.
§ 215.555(6)(a)2, Fla. Stat. (Supp.1996)(emphasis added).